C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  UNITED STATES OF AMERICA,              :

                                                                       :     **MEMORANDUM DECISION AND**
                                                                       :     **ORDER**
              - against -                         :

                                                                       :     12-cr-110 (BMC)
                                                                       :

  ANTHONY MATHISON,                          :

                                                                       :
                           Defendant.               :
----------------------------------------------------------- X

**COGAN**, District Judge.

Defendant moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The facts relating to his conviction and sentence are set forth in detail in the Court's decision denying his motion for a writ of habeas corpus under 28 U.S.C. § 2255 and thus will not be repeated here. See United States v. Mathison, No. 12-cr-110, 2020 WL 606589 (E.D.N.Y. Feb. 7, 2020). As grounds for early release, petitioner contends: (1) the Court erred when it concluded at a Fatico hearing in connection with sentencing that he had shot a certain individual, and, in any event, it violated his right to due process of law to consider that uncharged conduct; (2) the Court deprived him of due process when, at sentencing, it considered his possession of an additional firearm that it had suppressed, which increased his Guidelines; (3) in light of New York State Rifle & Pistol Association v. Bruen, 597 U.S. 1 (2022), the statute under which he was convicted, 18 U.S.C. § 922, is unconstitutional; (4) prison conditions due to COVID-19 have been harsh; and (5) the totality of the circumstances show that he has matured and has dedicated his time to rehabilitating himself.

None of these arguments constitute extraordinary and compelling circumstances sufficient for release or reduction of sentence under § 3582(c).

First, defendant's first three points raise legal errors that can only be asserted on direct appeal from his conviction or on habeas corpus review. See United States v. Antney, No. 17-cr-229, 2021 WL 4502478, at *5 (E.D.N.Y. Sept. 30, 2021) ("A motion for compassionate release should not be used to attack the legitimacy of a judge's imposed sentence – such an attack is properly brought on direct appeal or in a habeas petition, not in a motion for compassionate release brought under 18 U.S.C. § 3582 (c)(1)(A)."). Indeed, one may perceive an inconsistency in seeking compassion while maintaining that the legal system has mistreated him.

In any event, defendant's challenge to the Fatico hearing and the consideration of uncharged conduct echo the points he raised on habeas corpus, which were rejected. See Mathison, 2020 WL 606589, at *4. His challenge to the adequacy of the findings at the Fatico hearing was expressly rejected on direct appeal. United States v. Mathison, 731 F. App'x 41, 45 (2d Cir. 2018). And although his Bruen argument also has to be raised in a § 2255 motion, it bears noting that every judge in this district, including the undersigned, has rejected it. See United States v. Alston, No. 22-cr-178, 2023 WL 6977055, at *1 (E.D.N.Y. Oct. 23, 2023); United States v. Bryan, No. 22-cr-404 (E.D.N.Y. Sept. 27, 2023) (oral opinion); United States v. Sternquist, No. 22-cr-473, 2023 WL 6066076, at *1 (E.D.N.Y. Sept. 15, 2023); United States v. Warren, No. 22-cr-231, 2023 WL 5978029, at *1 (E.D.N.Y. Sept. 14, 2023); United States v. Sims, No. 21-cr-596 (E.D.N.Y. July 18, 2023) (oral opinion); United States v. Augustin, No. 22-cr-18 ( (E.D.N.Y. Dec. 7, 2022) (oral opinion). Thus, these arguments do not constitute compelling and extraordinary reasons justifying compassionate release or a reduction of sentence.

Second, the hardships defendant has experienced in prison, including his exposure to (but not contraction of) COVID-19 is not extraordinary and compelling, especially in the absence of

any identified co-morbidities. See United States v. Gutierrez, No. 21-cr-759, 2024 WL 1893066, at *1 (S.D.N.Y. 2024) ("As for COVID-19, Gutierrez does not state he suffers from any medical conditions putting him at an increased risk of serious complications were he to contract the disease, and the mere existence of COVID-19 in society does not justify compassionate release."); United States v. Johnson, No. 98-cr-860, 2021 WL 1207314 (E.D.N.Y. March 31, 2021) (where defendant was on continuous lockdown, allowed to shower three times a week, had no access to recreation, the law library, phone or email, court found that "these hardships do not set Mr. Johnson apart from the rest of the BOP inmate population and therefore do not, alone, constitute extraordinary and compelling reasons for his release.")

Finally, defendant's conclusory assertions that he has rehabilitated himself and matured are not extraordinary and compelling. Many, many prisoners make the same assertions. See e.g. United States v. Salgado, No. 15-cr-681, 2022 WL 3043100, at *2 (S.D.N.Y. Aug. 2, 2022) (stating that rehabilitation and a "spotless disciplinary record" do not warrant sentence reduction because "[t]o find otherwise would convert the process for obtaining a compassionate release into a de facto parole system, through which defendants with good behavior are rewarded with sentence reduction," contrary to Congress's intent). Indeed, although it would not likely make a difference, defendant has not even disclosed his disciplinary history.

Accordingly, the motion for compassionate release is denied.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
       May 8, 2024